UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-MJ-03216-SIMONTON-3CBM

UNITED STATES OF AMERICA

vs.

**TERRY PIERRE LOUIS and
ERNSO BORGELLA,**

      **Defendants.**
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes  __x__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes  __x__ No

            Respectfully submitted,

            WIFREDO A. FERRER
            UNITED STATES ATTORNEY

BY: _____
            MATTHEW J. LANGLEY
            ASSISTANT UNITED STATES ATTORNEY
            Florida Bar No. 0097331
            99 N. E. 4th Street
            Miami, Florida   33132-2111
            TEL (305) 961-9123
            FAX (305) 530-7976
            Matthew.Langley@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>TERRY PIERRE LOUIS and<br>ERNSO BORGELLA,<br><br>*Defendant(s)* | )<br>)<br>)   Case No.  1:15MJ03216-SIMONTON-<br>)                    3CBM<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  September 16, 2015  in the county of  Miami-Dade  in the
Southern  District of  Florida  , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21, United States Code, Section 841, all in violation of Title 21, United States Code, 846. | The defendants, TERRY PIERRE LOUIS and ERNSO BORGELLA, did knowingly and willfully combine, conspire, confederate, and agree with each other to possess with the intent to distribute a Schedule II controlled substance, that is, five kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

JEANNE AYO, SPECIAL AGENT/HSI
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  09/16/2015

*Judge's signature*

City and state:  Miami, Florida       ANDREA M. SIMONTON, U.S. MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT

I, Jeanne Ayo, being duly sworn, hereby depose and state as follows:

1. I am a Special Agent with Homeland Security Investigations ("HSI") and have been so employed since 2003. I am presently assigned to the office of the Special Agent in Charge in Miami, Florida, where I am responsible for conducting narcotics smuggling investigations involving the use of marine vessels.

2. As a Special Agent with HSI, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510 of the Title 18, United States Code.

3. The facts of this affidavit are the result of my own investigation and that of other law enforcement agencies. This affidavit does not represent all of the information known to me relating to this case, but is limited to information necessary to establish probable cause to support this criminal complaint.

## PROBABLE CAUSE

4. On or about September 2, 2015, the Motor Vessel (M/V) Ana Cecilia arrived in Miami, Florida, in the Southern District of Florida, from Haiti. The Ana Cecilia docked at the shipping yard located at 2215 NW 14th Street, in Miami, Florida.

5. Confidential sources and several anonymous tips informed law enforcement that there were drugs aboard the Ana Cecilia. Based on that information, HSI special agents, U.S. Customs and Border Protection ("CBP") officers, and state and local law enforcement officers initiated a surveillance operation of the Ana Cecilia and the shipping yard where the vessel was docked.

6. On September 15, 2015, law enforcement observed defendant Ernso BORGELLA onboard the Ana Cecilia, walking inside and out of an open container. Law enforcement then

observed an unidentified individual ("Unidentified Subject 1" or "Forklift Driver") drive a forklift up to the open container on the vessel and pick up two cardboard boxes. The Forklift Driver drove the forklift carrying the two boxes down the gangway and off the vessel. BORGELLA followed behind the forklift. BORGELLA then spoke to the Forklift Driver who placed the two cardboard boxes down on the dock next to the vessel. An unidentified male wearing a blue shirt and a yellow cap (Unidentified Subject 2) immediately covered the two cardboard boxes with a tarp.

7. Defendant Terry PIERRE LOUIS was observed walking off the Ana Cecilia. PIERRE LOUIS then met with BORGELLA. Defendants PIERRE LOUIS and BORGELLA walked together towards a white Nissan Altima, which was parked in the shipyard. BORGELLA was also observed communicating with Unidentified Subject 1. Unidentified Subject 2 removed the tarp from the two cardboard boxes. The Forklift Driver then picked up the two cardboard boxes and moved them on the dock towards the front of the vessel. Unidentified Subject 2 and an unidentified individual wearing a peach shirt ("Unidentified Subject 3") then loaded the cardboard boxes into the Nissan Altima while PIERRE LOUIS sat in the driver's seat of the vehicle.

8. PIERRE LOUIS then drove the Nissan Altima toward the front gate of the shipping yard as BORGELLA walked alongside the vehicle. Immediately after the Nissan Altima pulled out of the front gate of the shipping yard, law enforcement stopped PIERRE LOUIS. Law enforcement, with sirens and lights activated, blocked the path of the Nissan Altima. PIERRE LOUIS immediately jumped out of the vehicle. Law enforcement exited their vehicles and commanded PIERRE LOUIS to stop. PIERRE LOUIS ran from the Nissan Altima

and fled back inside the shipping yard. Law enforcement was unable to apprehend PIERRE LOUIS.

9. Surveillance video of the shipping yard from September 15, 2015 showed that PIERRE LOUIS crossed paths with BORGELLA as he ran back inside the shipping yard. During their brief encounter, it appears that PIERRE LOUIS handed an unidentified object to BORGELLA before running away.

10. Law enforcement opened the boxes that were located in the back seat of the Nissan Altima and observed brick-shaped packages wrapped in tape. Law enforcement conducted a field-test of the brick-shaped packages which revealed a positive result for cocaine. The total amount of cocaine discovered in the Nissan Altima was approximately 136 kilograms. CBP officers then conducted a search of the Ana Cecilia and discovered additional brick-shaped packages of suspected cocaine in the keel of the vessel.

11. BORGELLA was apprehended. During a post-*Miranda* interview, BORGELLA stated that the M/V Ana Cecilia is listed in his name. BORGELLA admitted that he learned there were drugs on the boat from an individual whom he identified as "Gerard" four days prior. BORGELLA also admitted to having PIERRE LOUIS' cellphone in his possession.

12. Further, BORGELLA sketched a diagram of a hidden compartment on the vessel where additional cocaine was stored. BORGELLA stated that he did not know exactly where the hidden compartment was and that his sketch was based on what he heard.

## CONCLUSION

13. Based on the information contained in this affidavit, I respectfully submit that there exists probable cause to believe that defendants Terry PIERRE LOUIS and Ernso BORGELLA conspired to possess with the intent to distribute a controlled substance, that is five kilograms or more of cocaine, in violation of 21 U.S.C. Section 846.

**FURTHER AFFIANT SAYETH NAUGHT.**

_____
JEANNE AYO
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

Subscribed and sworn to before me
this 16th day of September, 2015.

_____
HONORABLE ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE